# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| ARGUELLO HOPE & ASSOCIATES, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-15-998-R |
| PENN GRAND LIMITED,<br>W. RAY PELFREY, and<br>ROSEMARY PELFREY, | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, Arguello, Hope & Associates removed this action from the District Court of Oklahoma County on September 11, 2015. In response to the Notice of Removal the Court issued an Order to Show Cause, requesting that Plaintiff show cause why the action not be remanded.[1]

In the Notice of Removal Plaintiff recited the procedural history of this action, which it commenced in the District Court of Oklahoma County on July 14, 2014. The Notice of Removal was filed in response to a September 8, 2015 Amended Counterclaim by

---

[1] There is a split of authority over whether district courts can remand non-jurisdictionally defective cases sua sponte. *Compare, e.g., Cassara v. Ralston*, 832 F.Supp. 752, 753-54 (S.D.N.Y.1993) (Sotomayor, J.) (district court may sua sponte remand case when defect is non-jurisdictional), with, *e.g.*, *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir.1995) (district court may not sua sponte remand case when defect is non-jurisdictional). This Court recently found that § 1447(c) does not limit its authority to remand *sua sponte* a case that has been untimely removed. *See Woodard*, 2011 WL 4632488, at *2 (finding "persuasive the reasoning of those courts that allow *sua sponte* remands of procedurally defective cases"); *accord Lehman Bros. Holding Inc.*, 2011 WL 5358663, at *1.
*RBC Mortgage Co. v. McKinney*, 2012 WL 14259, at *1 (D. Colo. Jan. 4, 2012)(footnote omitted indicating no contrary Tenth Circuit authority of which the district court was aware).

Defendants/Counterclaimants Penn Grand and Pelfreys, wherein they indicated, for the first time, that they seek in excess of $75,000.00 in damages. As a result, Plaintiff contends that the amount in controversy requirement for diversity jurisdiction was met as of that date, and therefore, the removal on September 14, 2015 was timely and proper.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts strictly construe removal statutes. *Fajen v. Foundation Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir.1982). The removing party "has the burden of proving that removal was appropriate and that the Court has jurisdiction over the case." *De La Rosa v. Reliable, Inc.*, 2015 WL 4042202, at *29 (D.N.M. June 27, 2015)(citing *Bonadeo v. Lujan*, 2009 WL 1324119, at *4 ("As the removing party, the defendant bears the burden of proving all jurisdictional facts and of establishing a right to removal.").

28 U.S.C. § 1441 provides for the right of removal:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

In support of their response that removal is appropriate Plaintiff relies on 28 U.S.C. § 1446(b), which cannot be considered without reference to § 1446(a) which provides:

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed

> pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

Accordingly, without regard to the timing of the notice of removal or the amount in controversy, neither § 1441 nor § 1446 provides a Plaintiff with the right of removal. "Only true defendants have removal rights: plaintiffs defending counterclaims and third-party defendants may not remove an action" *McGrath v. City of Albuquerque*, 2015 WL 4994735, at *11 (D.N.M. July 31, 2015). Any interpretation of the removal statute must be mindful that "[t]he term 'defendant' in removal statutes is narrowly construed." *In re Mortg. Elec. Registration Sys.*, 680 F.3d 849, 853 (6th Cir. 2012) (citing *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002)). A state court plaintiff is not a 'defendant' within the meaning of the removal statute. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-08 (1941); *In re Mortg. Elec. Registration Sys.*, 680 F.3d at 853 (citing *Shamrock Oil* and holding that "a counterclaim or third-party defendant is not a 'defendant' who may remove the action to federal court"). No right of removal vests in a plaintiff upon the filing of a defendant's counterclaims in state court. *See Ballard's Serv. Ctr., Inc. v. Transue*, 865 F.2d 447, 449 (1st Cir. 1989) ("Plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them"); *See* Wright, Miller & Cooper, 14C Fed. Prac. & Proc. Juris. § 3730 (4th ed.)("The right to remove is further limited by the basic principle that defendants may remove only on the basis of claims brought against

them and not on the basis of counterclaims, cross-claims, or defenses asserted by them."). As such, it is apparent to the Court that Plaintiff lacked the right to remove this action and therefore, remand to the District Court of Oklahoma County is appropriate.

    IT IS SO ORDERED this 24th day of November, 2015.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE